ORIGINAL
D% F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TIRA MISU,

        Plaintiff,

-against-

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-03-5037(FB)

*Appearances:*
*For the Plaintiff:*
TIRA MISU, *pro se*
43-11 108th Street
Corona, NY 11368

*For the Defendant:*
ROSALYNN R. MAUSKOPF, Esq.
United States Attorney
Eastern District of New York
By: MARGARET A. DONAGHY, Esq.
Special Assistant United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201

**BLOCK, District Judge:**

        On May 28, 2004, the Court issued a Memorandum and Order ("M & O"), dismissing *pro se* plaintiff Tira Misu's ("Misu") complaint appealing a final decision of the Commissioner of Social Security which denied her application for disability benefits and supplemental security income. On September 1, 2004, Misu filed an order to show cause seeking retroactive benefits and monthly benefits; the Court denied Misu's order to show cause on September 8, 2004 for the reasons stated in the Court's M & O. Misu moves for reconsideration.

Local Civil Rule 6.3 provides that a motion for reconsideration must be served "within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." Misu's motion for reconsideration was filed on August 24, 2005, nearly a year following the denial of her order to show cause, and a year and a half following the Court's order dismissing her complaint on the merits. Misu's motion is therefore untimely.

Moreover, even if the Court were to find that the motion was timely made, it is without merit. A motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." *Lehmuller v. Inc. Village of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Such a motion should only be granted if the applicant can "'point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Belmont v. Associates Nat'l Bank*, 219 F.Supp.2d 340, 342 (E.D.N.Y. 2002) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Misu fails to point to controlling decisions or factual matters that were overlooked by the Court at the time it made its decision. Accordingly, her motion is denied.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 3, 2005